is number 2011-70-60 AYERS against the Secretary of Veterans Affairs. Mr. Carpenter, when you're ready. You see what's troubling us about these similar cases as well as the question of whether we are actually dealing solely with questions of fact. I would like to suggest that we come at this with a slightly different approach and that that approach is twofold. First to look at the statute, the duty to assist statute and what is required when Congress has instructed the VA as to what to do. In this case, that would be helpful to me. In this case, Congress has clearly stated at 5103 capital A small d and capital C that after the evidence it describes when and why you get an opinion and what Congress said was is you get a necessary opinion. Clearly a nexus opinion in this case was necessary. But it's not available. If in fact the physician can't decide on the evidence provided, then what happens? Then the VA has to attempt to solicit another opinion. Now clearly there is some point in time if consistently the answer is we are unable to provide such an opinion for whatever stated reasons, then the duty to assist can be considered fulfilled. But that's the second important consideration here. This decision, Judge Castle's upon the decision in Jones. Jones provides a post-talk evaluation of an inclusive opinion. Well you can't be, I mean what you're saying seems to be far different than if the evidence is in equipoise. Absolutely not. If there's one, if the physician says I can't say 100% with 100% certainty that this wasn't caused by this. I can't say with 100% certainty what happened 50 years ago. But it's my strong medical opinion that there's only a slight chance that there's really no real firm basis to establish a nexus. Would that be sufficient for you? Or you say the veteran has to do it because there's some doubt left because he hasn't ruled it out? Because that opinion is not an opinion that is either positive or negative evidence. Are you saying that in order for the veteran to be denied service connection, a physician has to rule out with 100% certainty that this incident could have created his disability? No, Your Honor. And I think it's important to shift the focus from service connection from the ultimate question to the true issue in this appeal which is the duty to assist. Has the duty to assist been complied with? The statutory language is when the record does not contain sufficient medical evidence for the secretary to make a decision on the claim. So when the VA solicits an opinion, when they solicited the opinion in this case, that was the status. That status based upon the opinion received in this case was unchanged. They still didn't have sufficient evidence to decide the case. And what in your view is sufficient evidence? When there is a direct answer to the question of is that it as least as likely as not that the current disability is related to an injury or disease incurred in or aggravated during service or it is more likely than not that it is not related. It is a simple either or proposition. This new end around approach by VA examiners which has been embraced by the VA is inconsistent with the duty to assist. The duty to assist wants an answer to the question. Give us medical evidence. Give us your opinion. We're soliciting an expert opinion. We're not asking for a definitive 100 percent opinion one way or the other. So if an examiner said the only basis upon which I could establish a nexus would be based entirely on unfounded speculation, would that be sufficient of an opinion in your view to satisfy the duty to assist? In my view, your honor, there have to be imposed magic words because of the Jones opinion. And so is the answer to my question no, that would be inadequate? If it was framed just that way, it would be inadequate. The easy way to make it adequate is to say it is more likely than not that this condition is not related to service. We don't necessarily disagree and maybe the Veterans Administration ought to be listening to this argument and find an easier way to get through this. But that's not our task. Our task is whether or not my example feels the statute. As I said, I don't personally disagree with your incarnation as being the cleaner way to go. But that's not the question, right? No. So you're saying in the absence of our having ever said that you need to use those magic words, you're saying that the opinion is inadequate. Yes. And more importantly, that under the case relied upon below, the Jones case, the Jones case is a rehabilitation mechanism to post hoc make a non-conclusive opinion probative. It becomes probative because you do an analysis. But that's after the fact. It doesn't comply with the duty to assist. The duty to assist is to obtain a necessary medical opinion. The necessary medical opinion in this case was a medical nexus opinion. We don't have one. We don't have one one way or the other. The veteran under the duty to assist was entitled to that. He didn't receive it. That decision was appealed to the board. The board's decision was appealed to the court below. The court below relied upon Jones in which they acknowledge in Jones when there is an inconclusive opinion that uses precisely this kind of speculation language so that it's a sort of non-opinion. That that non-opinion can achieve evidentiary status, can become probative if you will, when in fact it doesn't answer the question and more importantly it does not result in either positive evidence in favor of the claim or negative evidence against the claim. In order to defeat claims there must be a preponderance of evidence against the claim. The preponderance of the evidence in this case is based upon a medical opinion that was a non-opinion. Wait, the government has to disprove service connections? To the extent that it is more likely than not that the current disability is not related to service and it's not in terms of the VA has to prove, it's what the evidence shows. It is an examination of the evidence and under 5107B you put evidence into two distinct categories, positive evidence and negative evidence. Non-evidence does not appear in that equation and yet under Jones the Veterans Court would have us transform previously conceded non-evidence into probative evidence i.e. negative evidence in this case in order to defeat the claim. That's inconsistent with the intent of Congress in providing the duty to assist. Congress said VA go get an opinion. The VA went and got a non-opinion. The VA is perfectly capable of figuring out the doctor didn't answer the question. Speaking of which a non-opinion why is that and you're saying that's a legal question because you want us to define the statute is saying it needs to use these words. That under 5103 a necessary medical opinion in the context of a claim for compensation under 5103 capital AD requires a clear statement positively or negatively that the medical opinion obtained, the necessary medical opinion addresses the matter at issue. In this case it happens to be a medical nexus. Is there or isn't there at least as likely as not in your opinion doctor a relationship between the current disability and the injury or disease incurred in or aggravated during service. Counselor is it in your experience has the has a VA ever used one of these opinions and and construed it or rather after receiving one then saying well that's all we can do now. There's no other opinions we can get or for whatever reason and then gone on and awarded the benefits to the to the veteran. Have they done the opposite? I mean this case the reason we're here is because these type of opinions have been held against the veterans. Is there any situation that you're aware of where the VA has said well we don't have an opinion and therefore under the statute we have to grant a service connection judgment in this case? None comes immediately to mind but I am reasonably confident that that has happened. The problem here however your honor is not really whether or not anecdotally this has occurred. The question here is one of clear question of law. What did Congress mean when it directed the VA to assist specifically to assist in terms of getting a medical opinion? So now speak a little bit about the jurisdiction that we have to on this case. Are you arguing that it springs from this particular statute? Yes. That this statute defines the duty to assist and describes with specificity the instructions from Congress to the VA and that they are to obtain a necessary medical opinion when the evidence contained of record does not is not sufficient medical evidence for the secretary to make the decision. If the secretary could have made the decision the secretary would have not needed to go get this medical opinion. But whether there was conflicting evidence or inadequate evidence or speculative evidence in the record the secretary concluded under C he needed to get a necessary medical opinion. So this case are you saying this case is really not about the probative value of one of these opinions but whether it has satisfied the requirement of the secretary under the statute to supply a necessary medical opinion? Correct and that the lower court's use in Jones of the rehabilitation process for inconclusive opinions is at odds with that statutory mandate. That the statutory mandate is you obtain a necessary medical opinion and that that medical opinion has to answer the question. If you get a medical opinion that does not answer the question you've not fulfilled your duty to unless there's something. All right let's hear from the secretary Mr. Carpenter. Mr. Breskin. May it please the court I would like to start as Mr. Carpenter did by looking at the actual language of the duty to assist because I think. It would be helpful to have your response to Mr. Carpenter's. Of course the duty to assist says that a medical examination is necessary when the evidence of record does not contain sufficient medical evidence for the secretary to decide a claim. In this case the secretary decided that it needed a medical examination in order to determine whether there was service connection. It obtained an opinion from the audiologist in this case that it is not possible to determine whether or not the hearing loss was connected to service. Not that she couldn't do it or that maybe if she had some other evidence she could do it but that it is simply not possible. But didn't she say that one of the problems was that audio exams or audio graphs had not been obtained earlier and had those been obtained then perhaps the decision could have been reached? What she stated was without previous audiograms and because of several other enumerated reasons it is not possible medically to connect the hearing loss to the previous to the service connection. And so yes I mean if there was all types of other evidence perhaps you know it could have filled the gap the medical gap to enable her to make an opinion but that evidence doesn't exist. And what she was saying really that's the problem is and the issue if it's not possible to establish one way or another where is not the presumption in favor of the veteran. Well I think the problem is that they're trying to sort of turn this into a 5107B case but what they're arguing is whether or not the duty to assist is satisfied. And the duty to assist simply requires a question of law to bring to this court we can't decide the other we can't weigh the facts but if in fact the duty to assist involved certain procedures as a matter of law here we are. Well I said the duty to assist only requires that when the secretary deems it necessary because of an insufficiency in the opinion. That's the legal. To obtain a definitive opinion the decision as to whether or not the veteran is entitled to benefits is now placed in the hands of the physicians. So they turn it over to the physician and he says I can't tell you. I don't know. Then what? There's no requirement whatsoever in the statutory language or the legislative history or in any case law that the opinion has to be a definitive yes or no and or even has to be a definitive as likely as not or otherwise what what that requirement would do would require in this case a doctor to make a statement that they that there's no evidence to support. If there simply is no cost whether it as least at least as likely as not he's asked for an opinion. Medical opinion often does not have tangible evidence. Right but if there's no basis upon which to say that it's as likely as not there simply is no medical support. But Mr. Carpenter, Mr. Rabin would say well in that case the tie should go to the veteran. But it's not a tie. The problem is that there there's there's there's no medical evidence to to connect the service with the injury and so what they're arguing is really a policy which is that in a case as unfortunate as this may be where there is the service was a long time ago and there was no complaint of injury up until for 40 years. The physician didn't say in my opinion it's not connected because there weren't any complaints for a period of time. He didn't say that. Right. He didn't say in my opinion it's not as likely as not it's not connected. It just says I can't tell you. What it actually says is that nobody can tell you. It's not medically possible to even come to a as likely as not or a yes or no. So it's a non-opinion. It's not a non-opinion. The opinion as the court held in Hogan-Fagan is evidence is it cannot be medically determined. And so you go back to the duty to assist and what the duty to assist puts into the secretary's responsibility to determine when there's sufficient medical evidence to decide the claim. When a doctor states that there is no possibility of determining a yes or no or even and as likely as not it's within the secretary's discretion to say okay we find that that sufficient evidence in order to decide this claim. What they're what they're asking is for a new definition of sufficiency or for this court to impose a definition of sufficiency within 5103 ad upon the VA. How do you how do you answer your opponent's argument that the word necessary opinion or just necessary in the statute means an opinion that answers one way or the other? Well there's no support in the statutory language or the legislative history or precedent for that if you connect it to 5103 adc is that at that time the secretary has determined that there isn't sufficient medical evidence within the record to decide the claim. The opinion comes back saying there's no way nobody can do this it cannot be determined if there's connection or not. The question is really a practical question what what what is the what is the secretary to do in that circumstance? Are they to go back and try and find a doctor who was willing to fudge the facts or try and you know draw facts out of the air? I mean the the fact is here the audiologist considered all the available evidence did an examination of Mr. Ayers. But he didn't say on these on the evidence we have it's unlikely that it's connected. He didn't say that. He said I can't tell you. There's a giant difference between those that medical opinions. There is but there's no requirement upon the medical examiner to make any particular determination. The examination has to make that determination explicitly asked but but if they're not able to do so then then what the court would be saying is that even though medically you're unable to say yes or no or even as likely as not we're forcing you to do it. That means it's possible even if it's remote. He's not willing to say it's unlikely so it's possible. So isn't this now doesn't this establish the presumption in favor of the veteran? That's a presumption that simply isn't found in 5103-80. It's not found in your regulations either. I mean there's nothing in the regulations that say that when you receive a medical opinion that cannot state one way or the other. In this case they're not utilizing it against the veteran. The VA here is tasked with assembling the evidence and trying to decide whether or not there's service connection. Did Mr. Ayers receive a service-connected ruling? In this case he did not because the burden at all times remains with the veteran to prove their case. There's no presumption or burden upon the government. Doesn't the government under statute have a duty to provide substantial assistance to veterans to substantiate their claims? They have a duty specifically enumerated by Congress to do certain things. To obtain records for them. To get them a medical examination. To help them substantiate their claims. Correct. But if there's no evidence to substantiate their claims that doesn't mean the duty to assist isn't satisfied. The requirement isn't satisfied only when the claim has been substantiated. The duty to assist is satisfied when it has met its statutory obligations. And the problem we run into here is that the question of sufficiency of the medical evidence is a factual determination by the VA. The VA received the examination here and determined it had sufficient evidence. That factual determination was reviewed by the Veterans Court here and it was found to be correct. Under 7292 this court simply doesn't have jurisdiction to go back and say well VA we think that that opinion really wasn't sufficient. Or Veterans Court you misapplied 5103 ADC. I don't believe that we're we believe that that we can weigh the facts and that we're fact liners. But your opponent has said that we have jurisdiction because this matter involves the interpretation of a statute. What's your response to that? Well what I would say is that faced with the jurisdictional problems with asking this court to review the sufficiency of a medical examination they have sort of contrived a legal requirement upon the VA that they obtain a medical opinion that says either yes or no. That just simply doesn't exist in the statutory or regulatory language. There are requirements. So you're conceding that there is a legal argument. You're just saying that they lose it. But there is a legal question presented by their argument right. Didn't you just tell us that? No what I'm saying is if this court were to find that there is a legal argument what they're they're creating a legal argument in this case where it doesn't fit. The board here found the medical examination probative and the veteran and the secretary found it sufficient. And what they're saying is that no it wasn't probative. It was non-evidence. No they're saying that whether you pick the word probative or whatever they're saying that the statute compels as a matter of law that the medical examination answer this question. It's not just whether it's probative it goes to yeah. So why isn't that a legal question? Well I think if they've done their job right it is a legal question. What I would say is that in order to make a legal question what they're doing is they're drawing a requirement completely out of thin air. It's not based on the statutory language legislative history or any case law. And so they've invented a legal issue but there's no basis for that legal issue. There's no basis to find the veterans court misinterpreted or misapplied 5103 ad. And I think you run back into the jurisdictional problem because what the veterans court here did was they applied 5103 ad to the facts of the case. It's an application of law to fact which this court again can't review. But were we to concede that there is a legal issue we would say that 5103 is unambiguous and contains no requirement upon the content of the medical examination. 38 CFR 4.1 and 4.2 do speak to the actual requirements of the opinion obtained from a medical examination. What it says is that the VA must provide accurate and descriptive examinations and that the resulting reports must contain sufficient detail. There simply is nothing that speaks to a requirement. We don't look at the standard. I thought before us before you were telling us that the board what the board and the CABC did was fine here because they applied the right standard which is probative. Is probative not the standard then? Probative is not the standard as it's stated in the regulations or the statute. Statute simply says they need to assemble a pot of medical evidence that they deem sufficient. And when they've done that and they've determined that it's sufficient and the veterans court reviews that and agrees. The board reviews it in the first instance. But the board is responsible for looking at more than just the VA examination report. They look at all the medical evidence. So that sufficiency requirement is upon all the medical evidence of record not just this one. And the board actually in this case I think in one of these cases talks about the evidence not being in equipoise right? Well in this case I mean the evidence certainly isn't in equipoise. The only evidence supporting his claim is his lay testimony. The evidence that goes against it if we're going to try and sort of scales here is that. No I'm not encouraging you to try to do that. Well the board here wasn't didn't think that the evidence was in equipoise. There's no evidence really weighing in favor of the Mr. Ayers except his own testimony. So I would agree with your assessment of the board's decision in this case. I think one last point I want to make is simply that in Mr. Ayers' brief he recognizes that there's the potential for an absurd result from what they're arguing. Which is that if a doctor comes in and simply says it is not possible to determine service connection. What they want is for the VA to go out and find another doctor. Well what if the next doctor says that? What they want is for the line to shift forward somehow. To entitle them to more than they're entitled to by Congress. And there simply is no support in either the statute or the legislative history or case law for their attempt to shift that line forward and provide more than what Congress has already provided. Unless there are any other questions. Any more questions? We would ask the court to dismiss this appeal for lack of jurisdiction or in the alternative affirm. Thank you Mr. Breskin. Mr. Carpenter. May it please the court. At page one of the decision below it refers to the allegations made by Mr. Ayers below. And it specifically refers to an allegation that inadequate statement of reasons or bases as to the finding that the favorable March 2006 private medical examination report was not persuasive. Now that was a report that was of record and is characterized by the court below as being favorable to Mr. Ayers which presumably went to the question of causation. And then the VA obtained two years later in April of a determination under 5103 that the secretary said I read the private medical report. I'm not persuaded by that private medical report. In my view it's insufficient to make a determination in this case. So a medical opinion is necessary. They didn't get a medical opinion. Now let's talk about what Congress intended. In our brief we refer to the explanatory statement of the relevant statute here for the VA's duty to assist. And it says that when the medical evidence is insufficient to make a determination on the claim the VA must obtain a medical evaluation or opinion. If the evidence is insufficient the VA must proceed to decide it. The evidence wasn't sufficient to decide it. After they got the opinion the evidence wasn't sufficient to decide it because it didn't answer the question. The question presented in this appeal is does 5103 compel the VA when required to get a necessary medical opinion to get a medical opinion that is capable of deciding the case. Jones says oh well we can rehabilitate those. Jones was wrongly decided. It is either a evidence that is favorable or it is evidence that is unfavorable. And when they say well it is kind of sort of maybe then they don't have either probative or a opinion that is consistent with the expectation of Congress in 5103 capital AD. Thank you very much. Thank you Mr. Carpenter and Mr. Breskin. The case is taken into submission.